IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RHONDA ATTY on behalf of Plaintiffs and the class members described herein and LEON CLEMONS, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | 2:23-cv-00283 ) ) |
| MAXIMUS US SERVICES, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Rhonda Atty and Leon Clemons bring this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations.

2. Plaintiffs complain that Defendant Maximus US Services, Inc. ("Maximus") placed numerous unwanted prerecorded calls to Plaintiffs' cell phone, invading their privacy and causing the loss of time and effort.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA affords special protections against harassing people with prerecorded or computer-generated voice messages on their cell phones or residential phones. Persons who receive such calls are entitled to recover damages of at least $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index,

https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists because Defendant is an Indiana corporation that does business in Indiana and has committed tortious acts in Indiana by causing the transmission of unlawful communications into the state.

8. Venue in this District is proper for the same reason.

9. The receipt of numerous unwanted calls satisfies Article III. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020)

## PARTIES

10. Plaintiffs Rhonda Atty and Leon Clemons are daughter and father, who reside together in Gary, Indiana. Leon Clemons is elderly and his daughter handles his medical and financial affairs for him. Mr. Clemons appointed Ms. Atty as his power of attorney through the United States Department of Veterans' Affairs.

11. Plaintiffs have a cell phone ending in 3456. Rhonda Atty pays for the phone and the bill is in her name. Plaintiff Clemons also uses Plaintiff Atty's cell phone and her phone number.

12. Defendant Maximus US Services, Inc. ("Maximus") is an Indiana corporation with its principal place of business at 1600 Tysons Blvd., Suite 1400, McLean, VA 22102. Its registered agent and office is Corporation Service Co., 135 N. Pennsylvania St., Suite 1610, Indianapolis, IN 46204.

13. Maximus is the enrollment broker for Indiana Health Coverage Programs (Medicaid). It signs up individuals in health plans and assigns individuals to a health plan if they do

not select a enrollment broker.  Maximus is compensated for doing this.

## FACTS

14. Plaintiff Clemons is eligible for Medicaid, but has enrolled in a health plan.

15. Maximus has nevertheless bombarded Plaintiffs' cell phone with calls, using a prerecorded or computer-generated voice, seeking to enroll Plaintiff Clemons in a health plan.

16. Plaintiffs have received six to seven calls per day.  When Plaintiff Atty got hold of a live person, informed them that Plaintiff Clemons had a health plan, and asked them to stop calling, the calls decreased in frequency, but did not stop.

17. Plaintiffs received dozens of calls during March 17, 2023 through May 31, 2023.  Plaintiffs continue to receive calls from Defendant.

18. The calls begin by deploying a prerecorded or computer-generated message.  If no one answers, they leave a message, as follows:

> Hello, this is the Indiana Care Select program calling.  Recently we mailed a Care Select brochure asking you to call us to pick a doctor and a health plan.  If you don't pick a plan and doctor one will be chosen for you.  Please call us toll-free at 866-963-7383 so we can help you pick your doctor and your plan.  We are open Monday through Friday from 8 am to 7 pm. Again our toll-free number is 866-963-7383.

19. If the recipient wants to speak to a live person they have to stay on the line for one to two minutes.

20. The number 866-963-7383 is listed by on a website for Hoosier Care Connect (Exhibits A-B).

21. The unwanted calls:
    a. Fill up Plaintiffs' voicemail box, rendering Plaintiffs' voicemail unusable;
    b. Consume time and energy;
    c. Cost money to receive,
    d. Caused reduction and loss of battery life,
    e. Cost electricity required to recharge the cell phone, and
    f. Are aggravating and annoying.

22. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

23. Plaintiffs did not consent to such calls or provide their number to Defendant.

24. Plaintiffs had no prior business relationship with Defendant.

25. Plaintiffs never inquired of Defendant about any services.

26. Unless enjoined, Defendant will continue to place such calls.

27. Defendant's conduct violated the privacy rights of Plaintiffs, in that they were subjected to annoying and harassing calls. Defendant's calls intruded upon the rights of Plaintiffs to be free from invasion of their interest in seclusion.

28. Defendant's conduct harassed Plaintiffs and wasted their time, in that they had to devote energy to answering, addressing and/or otherwise responding to numerous unwanted calls.

## COUNT I – TCPA

29. Plaintiffs incorporate paragraphs 1-28.

30. The TCPA, at 47 U.S.C. §227(b)(1) provides that "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service  . . . ."

31. Statutory damages for each call placed in violation of the TCPA's restriction are $500 per call and up to $1,500 per call if the violation is determined to be willful. 47 U.S.C. §227(b)(3) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under

   this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## CLASS ALLEGATIONS

32. Plaintiff Atty brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

33. The class consists of (a) all individuals (b) who received a call from or on behalf of Defendant (c) made using an artificial or prerecorded voice (d) on a cell phone (e) on or after a date four years prior to the filing of this action.

34. Plaintiff Atty may alter the class definition to conform to developments in the case and discovery.

35. On information and belief, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable. Setting up a system to deliver prerecorded or computer-generated messages makes no sense unless a large number of such calls are placed.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

  a. Whether Defendant engages in a practice of placing calls to cell phones or residential phones using a prerecorded or computer-generated voice;

  b. Whether such calls violate the TCPA.

37. Plaintiff Atty's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff Atty will fairly and adequately represent the class members. Plaintiff Atty

has retained counsel experienced in class actions and TCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class and against Defendant for:

    i. Statutory damages;

    ii. Costs of suit;

    iii. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (IL ARDC 0712094)
Heather A. Kolbus (IL ARDC 6278239)
Stephen J. Pigozzi (IL ARDC 6331482)
**EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

## JURY DEMAND

Plaintiffs demand trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                              */s/ Daniel A. Edelman*
                                              Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ *Daniel A. Edelman*
Daniel A. Edelman